Shearer, J..
The will is voluminous; but so far as the questions in this case are concerned, only items five, eight, nine, ten and eleven, need be noticed:
Item 5 — Gives to plaintiff in error, Anna C. Collett, “ upon complying with' the conditions named in the other items of this my last will and testament’’ for and during her natural life, a part of the farm whereon the testatrix resided when her will was made. She to have the rents and profits, and keep up repairs, and at her death the land to go to the children born of her body, then living, and to the children of such children as may be then deceased, etc. This item further declares the devise to be conditioned, among other things, that Mrs. Collett shall pay over, in money, into the hands of the executors or their successors, in trust, for the use and benefit of her two nephews, Isaac and William Steddom, or their heirs, the sum of $2,000.
Item 8 — Gives to her nephew, Isaac Steddom, the benefit and proceeds of $2,000, for and during his natural life — $1,000 of which is to be taken by the executors out of her estate, in addition to the sum of $1,000 to be paid to them for his use by Anna C. Collett, as provided in the conditions of item five.
Item 9 — Makes a like provision in all respects for another nephew.
Item 10 — In substance directs the payment of her debts, including the provisions made-for her nephews, out of her personal estate, other than the household and kitchen furniture otherwise bequeathed; and if it should turn out that the personal property not otherwise disposed of in said will be insufficient to pay her debts, etc., as aforesaid, then one-half the deficiency is required'to be paid by Mrs. Collett; and the devise of the life-estate to Mrs. Collett in item five is also conditioned upon her payment of the deficiency aforesaid, and is made dependent thereon should such condition arise. But if a surplus of the proceeds of such personal estate remain after payment of debts, one-sixth thereof is given to Mrs. Collett.
Item, 11 — Gives all household goods and kitchen furniture, including books, maps, etc., to Hannah Cook one-half, and to Mrs. Collett and said nephews, one-sixth each, Mrs. Collett *122 to select for herself and said nephews; but contains no condition or limitation.- This clause standing alone-is.absolute.
.. .The. foregoing, items,.of .which .the purport is stated, with others, are set out a large in the petition, following which it is alleged, in substance :
That after being fully advised and informed, of all the terms and provisions of said will, and the conditions thereof^ Mrs. Collett signified and declared her conclusion, intention and election to take under said will as a legatee named therein, in the various items thereof; and in pursuance of such expressed intention and election, in connection with Mrs. Cook, her co-legatee, divided between them, in accordance with the provision of the will, said household goods, etc.,' of the value of $420, Mrs. Collett receiving for herself and her brothers, one-half said property; that she took away and removed her share to her own home, and is now in possession and the owner of it. That afterwards she suggested to one Bales and his wife, who were temporarily residing on the farm which is the subject of the devise in item five, that they remain there and watch over and care for the premises “ in the interest of all the interested parties under said will in the said house, lands and premises so belonging to the estate, the entire control and management of which, by the terms and conditions of said will, was given to ” Mrs. Collett. That pursuant to such suggestion said Bales and wife did, for a long time, occupy and care for said property.
And it is averred that “ by the terms and provisions of said will and the various items thereof hereinbefore set out, the bequests and devises to Mrs. Collett were made with reference to, and in the light of, and dependent upon, the condition mentioned and imposed in said will, and the various items thereof, which condition was that Mrs. Collett should pay, in cash, to the executors, $2,000, for the use of said nephews, to be by them invested in connection with moneys of her estate, until such time as such executors should deem it expedient to purchase therewith homes for said beneficiaries,” — they meanwhile to have the income of such fund.
That Mrs. Collett, by virtue of her election to take under said will as legatee, and her acts and declarations in the divi *123 sion and acceptance of said household goods, and her acts and declarations in' regard to said real estate, and receiving and accepting the beneficial’provisions of said will, accepted and assumed the burdens and obligations imposed upon her by said will, and elected to become, and is, bound and personally liable to pay to said, executors said $2,000 for the benefit of said nephews; th,at without said payment, said estate, apart from said real property, is insufficient to pay the bequests and legacies contained in said will.
The petition concludes with a prayer for judgment.
As to the first assignment of error, we think the petition states a cause of action.
As to the second assignment of error: —
The testimony shows that the testatrix, Maria Compton, died on the 12th day of November, 1886; that her will was admitted to probate and record on the 22d day of that month, and the defendants in error appointed executors thereof; that Jno. Collett, the husband of the plaintiff in error, was present at the probate of the will, and, at his wife’s request, employed counsel to look after her interest thereunder. That upon his return home on the following day he informed her he had read the will and that it gave the household goods to Hannah Cook and herself. She had previously learned or been informed that the will gave her the 100 acres. Her husband told her the week after testatrix’ death that the devise was coupled with the condition that she pay $2,000 to the executors and make up any deficiency of assets, if necessary. She did not hear tbe'will read until the 14th of December, 1886.'
About the 7th of December, 1886, she went to the house of the decedent to make division of the household effects. At that time, as we have seen, she had heard of the provisions of the will, but had been told that her accepting the legacy of household goods would not bind her to'accept the devise. When the division was made she took away a portion of her' share, but left the residue on the premises till February 1, 1887, when she removed them. Meanwhile the Bales family were there'. They paid no rent and were not there at the in-' stance of Mrs. Collett,' although she asked Mrs. Bales to remain till she should remove all her goods. Mrs. C. says they remained there for the accommodation of all parties.
*124 Mrs. Collett never took possession of the real property, nor exercised any act of ownership over it; and when applied to to lease it, always refused, saying she “had no land to rent.” In this statement she is corroborated by-the witness Hawk.
The executor Cook says he and Mr. Collett talked of the provisions of the will in the presence of Mrs. Collett while the ladies were dividing the goods; but she says she was busy with the division of the goods and paid no attention to what was said. It further appears that she was endeavoring to bring about some arrangement whereby the land could be sold and a division made without reference to the will.
The testimony also shows that on the 3rd of December, a few days before the division of the household property, Mr. Collett wrote a letter to Mr. Cook, one of the executors; making suggestions as to the sale of .the Turtle Creek property, and making the statement that both Cook and Mrs. Collett were interested in having the assets equal the liabilities. He also reports a purchaser for the cattle belonging to the estate, and urges an effort to collect the Jesse Kirk claim. Mrs. Collett thinks she saw this letter before it was posted. She also says her husband always acted for her in business matters under a general request to that effect made at the time of her marriage.
This is, we think, a fair resume of the evidence as shown by the record and upon which the plaintiffs below claim the right to recover.
We are entirely satisfied that Mrs. Collett by no act or declaration has elected to take the devise, unless her acceptance of the legacy of household effects, operates as such election.
The doctrine of election (2 Jarman, 1) may be thus stated : “ That he who accepts a benefit under a deed or will, must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it.” Story, in his Equity Jurisprudence (vol. 2, § 1075) defines election to be “ the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims, in cases where there is clear intention of the person from whom he derives one, that he should not enjoy both.”
*125 It has also been said: (Lead. Oas. Eq., Pt. 1, Vol; 1, 542,) “ That the cases arising under the doctrine of. election are susceptible of being divided, into two classes: first, those of election proper, where something is given by will to one who is entitled to some other thing disposed of by the will to another, in which case the deyisee is. put to an election whether he. will take that which is given, or that to which he has a claim; and, secondly, those cases in which there is an. express condition annexed to a devise, with which the'devisee must comply, or not take the property; in which case he is to elect whether he will comply with the condition, or give up the property, but in which, if he does not comply with the condition, he violates none of the provisions of the will as to any other person than himself.” In discussing the second class (Ibid. 548) it is said, in general, that if it be expressly declared in a will, or if the “ dispositions by a will are such that it is plainly apparent that the testator did not intend one devise or bequest to take effect unless in case of the others taking effect — if the several devises or bequests are so connected together, and dependent upon one another, that one cannot take effect, according to the testator’s intention, without the other — then it is a condition, and the legatee or devisee accepting a benefit under such an arrangement must give effect to other devises forming an inseparable part of such an arrangement, even though, these ojfcher dispositions are not valid or legal as devises.”
Sir Wm. James, V. C. (2 Jarman, 12) states the law deduced from the authorities thus: “That the rule as to election is tobe applied as between a gift under a will and a claim dehors the will arid adverse to it,.and is not to be applied as between one clause in a will and another clause in the same will.” And’ Jarman, in commenting on this rule, refers to cases where it has been determined “ that where by the same’ will several' properties are given to the same person, some beneficial and others burdensome, he is generally at liberty to accept the former and reject the latter, although by so. doing h.e throws a burden upon the testato.r’s general estate, which, if he accepted both, must be borne by ’himself.” And this I take to be the law here, unless the provisions are so inseparably connected, or the condition prescribed so clearly attaches.to the different *126 provisions, as to render-the rejection of one and the acceptance of .another a gross injustice and a manifest violation of the intention of the testatrix. - >■
Numerous authorities have been cited; Among those relied; on-by the defendant m error as supporting their right to recover, are: 21 Pa. St. 407; 25 Pa. St. 46854 N. H. 393; 18; Maine, 42; 77 Pa. St. 160; 40 Ohio St. 555; 17 Pick. 308; 15 N. Y. 365; 22 Pick. 308; 14 Gray, 532; 14 Ohio St. 339-348 24 Ohio St. 11.
■In the first case, (21 Pa. St.) the widow of the testator accepted in terms, and in writing, the provisions made for her ■ in;the-will,and the whole of it, and was of course, held to have; elected to take thereunder.
In the next case (25-Pa. St.), the plaintiff’s father devised-certain of his real estate to her brother, and bequeathed cer-, tain legacies to her which she accepted and retained. After her brother’s death she brought suit in ejectment to recover as, heir-at-law of her father her share of, the real estate so devised:, claiming that the.devise to her brother was only a life estate.: The brother had accepted the devise and occupied the land- and paid, certain legacies charged upon it. Held, under the. circumstances that -she could not attack the,-will, but must, stand by its provisions. .
In the New Hampshire, case, it was held that a.party, who received a legacy under a will, could not be permitted to con-.test-the validity of-the will without restoring; the .legacy .or bringing it.into-.court. . ... .,.
In the case in 18 Maine, 42, where there were, no express conditions named in the-will, or annexed to-any. of the devises or legacies, it was held'that where one .accepts and receives a-, legacy .under a will wherein a devisee of certain real estate in. which he has an-interest in'his own right is made to another, such legatee.is.barred,from afterwards, setting up or claiming such real estate. • . ,
In. 77 Pa. St. 160 (cited in 40 Ohio St. 555), the testator, gave' to. his-wife the whole, of-his real-estate-so long as she: • should-remain his widow, and the whole of .his personal propr. erty,>with remainder.-of the,personal .property, at:.the wife’s, death,, to his.daughters.;. To his son he gavera farm, subject to> *127 his wife’s third during her life, if she should see fit to call on him or should stand in need of it. This farm belonged to the wife. She took and receipted for the personal property and used it, and had possession of all the real estate till her death. After her decease suit was brought by some of her heirs at law to recover the farm which belonged to her in her own right, and which had been devised to the son. Held: That she and her heirs, after her death, were estopped from claiming this farm.
The case in 15 N Y. 3G5, involved the doctrine of election between a devisee of property by the testator, and the relinquishment of the property of the devisee which the testator had disposed of to a third party.
The case of Smith v. Smith, 14 Gray, 532, was an action of. trespass for breaking and entering a close. Defendant claimed, title under a deed from a testator, who by his will had devised the locus to plaintiff, and to the defendant the residue of the lands described in the deed and other lands. Defendant also claimed under the deed. Held: The acceptance of the devise estopped defendant to claim under the deed or to set up title adverse to the will, both at law and in equity.
The Ohio cases cited are all to the effect, that when a will assumes to give to one of its beneficiaries property of another person for whom provision is likewise made in the will, the-latter cannot take the provisions made for him in the will, and also hold the property,-but must elect which he will take, 14 Ohio St. 339; 24 Ohio St. 11; 40 Ohio St. 555.
Glen v. Fisher, 6 Johnson’s Ch. 33, also cited by defendant in error, was a case where the devisee of land, charged with pay-, ment of a legacy, accepted the devise, and was held to be bound personally for the payment of the legac3r; and has no application to this case, unless it be found that the acceptance of the legacy was an acceptance of the devise.
These cases, it is argued, are applicable to the case at bar, because the condition annexed to the devise to Mrs. Collett is. equivalent, or amounts, to a disposition by the testatrix of the property of Mrs. Collett; that the direction to the' executors, to invest.the 12,000,. for the use of the Steddoms is a legacy of that much of the devisee’s property to the use of said *128 nephews. This might be at least specious if it were alleged or proven that she had $2,000, or its equivalent, upon which the provision could operate. Non,constat that she had any property of any kind. None of these cases is authority for the claim that the acceptance of the legacy bound Mrs. Collett to accept the devise, nor have we found any which supports that view.
Counsel for plaintiff in error rely upon the case of Ward v. Ward, 15 Pick. 512, as supporting their view of the case. There the testator devised certain real estate to his son, N. W., by his paying to the'other children towards their share of his estate $300, and the residue of his property, real and personal, be bequeathed to his children, including N. W. The latter accepted and received his share of the residue of the estate under the will, but rejected the devise of realty specifically given to him, subject to the condition of paying $300 to the other children.
The court held the devise to N. W. to be conditional upon his paying $300, and that the $300 was charged upon such specifically devised parcel; and that the devisee had his election to take the land and pay the legacy, or by refusing, enable the legatees to resort to the land for compensation. And upon the claim of counsel that by accepting the benefit of the residuary clause of the will the refractory devisee had assented to all the provisions of the will, the court held inapplicable the rule that “ he who accepts a benefit under an instrument must accept the whole, conforming to all its provisions and renouncing all rights inconsistent with it,” limiting the application to cases where a testator has affected to dispose of property not his own, and has given a benefit to the proprietor, in which case the devisee taking the benefit so given must make good the attempted disposition. The court say also that the doctrine just referred to had no application to that case, because the testator was dealing with his own property, and not the property.of the devisee. He charged the $300 upon a particular tract of land, and not upon the whole property given to the devisee. The residuary clause under which the devisee had a benefit, was given, say the court, without any condition annexed to it. * * The testator had the absolute right to *129 •dispose of the estate as he pleased; to charge one tract with,a sum of money, if it were accepted, and to give other property in the residuary clause, or otherwise, absolutely. It would be manifestly contrary to the will to charge the $300 upon the whole property given to the devisee when it expressly put it upon one particular part. See also 22 Pick. 480.
E. JET. Hunger, for plaintiff in error.
Mills & Van Pelt, for defendant.
Thus it seems under the doctrine of the case just quoted, that it cannot be maintained that Mrs. Compton, in charging 42000 upon the 100 acres devised to Mrs. Collett, thereby assumed to dispose of the property of the latter, and give her in lieu thereof, a part of her own.
Nor does that court recognize the distinction sought to be made by counsel between the residuary and other clauses of the will. And we take it, in view of the ruling in the case cited, and the fact that nothing whatever has been done by Mrs. Collett under said will, save to take her share of household effects, and in view of the fact that, while she may 'have considered the question, she never, in terms, or by con■duct, accepted the provisions of item five, that she cannot be' -said to have made an election to take the devise. Mere intention to elect would not bind her. The acceptance of the benefit of item eleven, which is absolute and without condition in its terms, and entirely disconnected with and independent of item five, of itself constituted no election to take under any other provision of the will. The will nowhere annexes a condition to the legacy given in item eleven.
Judgment reversed.